CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAWRENCE ELMO SCOTT, | ) | |
| #01143-084, | ) | Civil Action No. 7:05-CV-00222 |
|    Petitioner, | ) | Criminal Action No. 6:02-CR-70101 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES, | ) | By: Hon. Norman K. Moon |
|    Respondent. | ) | United States District Judge |

Petitioner Lawrence Elmo Scott, a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Scott requests re-sentencing as a result of the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Scott argues that his sentence of 283 months for possession of 0.1 grams of crack cocaine constitutes cruel and unusual punishment. This petition is before the court pursuant to the court's screening function, as described in 28 U.S.C. § 2255 ¶ 2. Because Scott's petition conclusively shows that he is not entitled to relief, the court must dismiss the petition.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. The Supreme Court has noted that a "gross disproportionality principle is applicable to sentences for term of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). Scott alleges that a 283 month sentence for distribution of 0.1 grams of crack constitutes gross disproportionality. However, the Supreme Court has upheld the imposition of two consecutive sentences of 25 years to life for petty theft. Id. at 77. Therefore, Scott's claim of cruel and unusual punishment is without merit.

It appears that Scott is attempting to claim that Booker established a new rule regarding

the reasonableness of a sentence, which is retroactive to cases on collateral review. However, the holding in Booker did not implicate the reasonableness of a sentence but instead determined which facts could be relied upon in sentencing a defendant. In addition, the court finds that Booker does not apply retroactively to Scott's case. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004).

Because Scott's petition does not raise any constitutional issues, the court must dismiss his petition. An appropriate order will be entered this day.

ENTER: This 15th day of April, 2005

UNITED STATES DISTRICT JUDGE